## HOEY a. KINNEY.

*Supreme Court, First District; Special Term, June,* 1860.

### SURPLUS.—JUDICIAL SALE.

A sale of a decedent's real property at a judicial sale, does not convert it into personalty; and an application to the court by a creditor for payment of the surplus, must be founded on an order of the surrogate for the sale of the decedent's real property, and payment of the applicant's demand.

Motion for application of surplus.

LEONARD, J.—Where a person dies owning real estate, a sale subsequently made by the operation of law or judicial proceeding, does not convert the proceeds into personal estate. This court has no jurisdiction to inquire or determine whether the deceased left personal estate sufficient for the payment of his debts, or to direct the sale of real estate for that purpose in case the personal is insufficient.

The administrator must file his inventory and take the other requisite steps before the surrogate, and procure an order for the sale of the real estate of the deceased. This proceeding before the surrogate also involves an investigation of the creditors' demand, which, in the proceeding now before this court, cannot be had.

If the administrator shall succeed in proving his demand before the surrogate, and in procuring an order for the sale of real estate, he can then properly apply to this court on the adjudication of the surrogate, and obtain an order for the proceeds of the real estate so ordered to be sold, which may be under the control of this court. At present the application is denied, without prejudice to a renewal of the motion after the proper proceeding has been taken before the surrogate.